FLINT *v.* VAN MAANEN.

Master and Servant—Workmen's Compensation Act—Partnership—Insurance.

 Finding of department of labor and industry that decedent was employee of partnership, although contract for construction of building on which he was working at time of· accident was · in name of individual partner and no written assignment thereof to the partnership was ever made, *held,* justified under the evidence, warranting an order of the department for payment of compensation by partnership's insurer.

Certiorari to Department of Labor and Industry. Submitted April 9, 1931. (Docket No. 37, Calendar No. 35,381.) Decided June 1, 1931.

Mrs. Henry C. Flint and another presented their claim against Gerrit Van Maanen as employer and Builders & Manufacturers Mutual Casualty Company, his insurer, and Boylan & Van Maanen, a partnership, employer, and Standard Accident Insurance Company, its insurer, for the accidental death of Henry C. Flint, employee. From an award to plaintiffs against the partnership and its insurer, they bring certiorari. Affirmed.

*Wm. J. Howard,* for plaintiffs.

*Kelley, Sessions & Warner,* for defendants Van Maanen and Builders &· Manufacturers Mutual Casualty Co.

*Lightner, Oxtoby, Hanley, Crawford & Dodd,* for defendants Boylan & Van Maanen and Standard Accident Insurance Co.

NORTH, J. Incident to an award of compensation by the department of labor and industry, this controversy has arisen between two insurance companies as to which should be held liable. The commission ordered payment by the Standard Accident Insurance Company, and it has appealed.

Gerrit Van Maanen had been engaged in the contracting and building business in the city of Kalamazoo for several years prior to December, 1929. In April, 1928, he and Walter E. Boylan became copartners in the contracting and building business. But Van Maanen, with the knowledge of his partner, continued to engage in the building business in his individual capacity after the formation of the partnership. In December, 1929, Van Maanen entered into a contract with one Jacob Vander Salm and wife for the erection of a dwelling house. This contract was in writing, signed by Van Maanen individually as contractor and did not in any way refer to the copartnership of Boylan and Van Maanen. At the time this contract was executed Boylan was absent from the city of Kalamazoo. No written assignment of this contract to the partnership was ever executed. Cornelius Flint, an employee on the Vander Salm job, was fatally injured in the course of his employment on the 5th of February, 1930. The award of compensation was made to his dependents. The controlling question in the case is whether at the time of his injury Cornelius Flint was in the employ of Gerrit Van Maanen or in the employ of the copartnership of Boylan & Van Maanen.

In their building operations, both Gerrit Van Maanen and the copartnership composed of Boylan & Van Maanen were under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*). The risk of the former was carried by the Builders & Manufacturers Mutual Casualty Company, an appellee herein; and the insurer of the latter was the appellant, the Standard Accident Insurance Company.

In behalf of Mr. Van Maanen and his insurer, it is claimed notwithstanding that the Vander Salm contract was taken in the individual name of Van Maanen, it was none the less an undertaking of the copartnership, and that at the time of his injury Mr. Flint was an employee of the copartnership. Upon the hearing before the commission this contention was sustained; and an investigation of the record discloses ample testimony to justify such a finding. For the purposes of the issue before us the form or provisions of the Vander Salm contract are not conclusive. Notwithstanding the written contract was executed by Van Maanen alone and in his name, it still may have been a partnership undertaking. Both the partners testified it was a partnership contract. Mr. Boylan filed with the department reports in connection with this injury and therein designated the deceased as an employee of the partnership. Mr. Vander Salm testified that he understood in making this contract that Boylan and Van Maanen "were in together," and that during the construction of the building he consulted the former about the work, and that he considered Boylan one of the contractors. As noted above, there was competent evidence to sustain the commission's. finding that Flint was at the time of his injury an employee of the copartnership, and this fixed lia-

bility upon the appellant. It follows that the finding of the department must be affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.